[No. 31001. Department One. February 16, 1950.]

NELL G. BROWN, *Respondent*, v. LOREN THURMAN BROWN, *Appellant*, BONNIE BROWN, *Defendant*.[1]

*Fred C. Campbell*, for appellant.

*W. B. Magee*, and *Hutchinson & Ulvestad*, for respondent.

SCHWELLENBACH, J.—This is an appeal from an order requiring the defendant, Loren Thurman Brown, to pay for the support of the child of the parties during the pendency of the action.

Nell G. Brown commenced an action against Loren Thurman Brown and Bonnie Brown, his wife, alleging that she

[1]Reported in 214 P. (2d) 706.

(Nell G. Brown) and Loren Thurman Brown were married at Carmelita, California, on June 10, 1931, and lived together as husband and wife for eleven years; that on September 5, 1932, a daughter, Jean Brown, was born, the issue of the marriage; that the plaintiff was defrauded and seduced by Brown on the false representation that he was single, when in fact he was a married man at the time of the marriage; and that he later married the defendant Bonnie Brown. Plaintiff prayed for damages in the sum of thirty thousand dollars. By answer, defendant Brown denied the allegations of plaintiff's complaint, although he admitted that he had not obtained a final decree of divorce from his prior wife at the time he entered into the marriage ceremony with the plaintiff.

Subsequent to the filing of the complaint, the plaintiff made a motion for temporary support money for the child of the parties. The court granted the motion and ordered the defendant to pay $66.35 a month during the pendency of the action. This appeal follows.

Rem. Supp. 1947, § 988, which was in effect when this action was commenced, provided that, in divorce actions, the court may make orders, during the pendency of the action, for the custody and support of the children of the parties. In *Barker v. Barker,* 31 Wn. (2d) 506, 197 P. (2d) 439, we held that in an annulment proceeding, where an invalid marriage has been entered into in good faith by the parties and, as a result, a child is born, the court has inherent authority to make proper provision for its custody and maintenance.

Thus, in either a divorce action or an annulment proceeding, the parties and the issue of the marriage are before the court, and it can make proper provision for the support of the children during the pendency of the action.

In the case at bar, however, the action was for damages to the wife because of her alleged seduction. The court was not asked to grant a divorce or an annulment. No question concerning either the custody, support, or welfare of this unfortunate girl was before the court. The court did

not have jurisdiction of her person or of any subject matter which would give it the right to make provisions for her support.

The order granting temporary support money is. reversed.

SIMPSON, C. J., BEALS, GRADY, and DONWORTH, JJ., concur.